IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RONALD H. KRAMER,

          Plaintiff,

    v.

SOUTHERN OREGON UNIVERSITY, a
public university; OREGON
UNIVERSITY SYSTEM; a public
university system, MARY CULLINAN;
GEORGE PERNSTEINER,

          Defendants.

No. 1:13-cv-00340-PA

**OPINION & ORDER**

**PANNER, District Judge:**

    This matter comes before the Court on Plaintiff's Motion for
Reconsideration (#130) and Defendants' Amended Motion for
Extension of Time to File Dispositive Motions (#138).  Both
Motions are DENIED.

1 - ORDER

## Background

On December 1, 2014, I issued an Order (#129) granting Defendants' Motion for Partial Summary Judgment in part.   The background facts of this case have been fully set forth in my previous Order (#129) and will not be reproduced here.   Defendants promptly filed a notice of interlocutory appeal of that Order (#132).   That appeal remains pending before the Ninth Circuit.   Before issuing my December 1, 2014 Order, I struck the trial date and all associated dates and deadlines (#128).   No new trial date has been set.

## Legal Standards

### I. Motion for Reconsideration

A party may seek reconsideration of a ruling under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure.   Rule 59(e) "permits a district court to reconsider and amend a previous order." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).   This rule, however, "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Id.   "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)(citation omitted).

"Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1992)(citation and quotation marks omitted). Under Rule 60, a court may grant reconsideration based on: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; 3) fraud by the adverse party; 4) the judgment is void; 5) the judgment has been satisfied; or 6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

## II. Motion for Extension of Time

District courts enjoy "broad discretion in supervising the pretrial phase of litigation." Zivkovi v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002)(citation and quotation marks omitted). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

## Discussion

### I. Motion for Reconsideration

Defendants in this case moved for summary judgment on Plaintiff's blacklisting claim, arguing that blacklisting did not exist as a cause of action in Oregon. This Court had previously rejected that argument (##25, 42) and I stood by those prior rulings in my December 1, 2014 Order. Nevertheless, I granted summary judgment on the blacklisting claim on factual grounds, ruling that there was no evidence in the record that Defendants

3 - ORDER

acted with malicious intent to injure Plaintiff.    Plaintiff contends that this was an improper grant of *sua sponte* summary judgment and clear error.

Courts may grant summary judgment *sua sponte* if the party against whom judgment is entered "had a full and fair opportunity to develop and present facts and legal arguments in support of its position." Portsmouth Square Inc. v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985). "A litigant is entitled to reasonable notice that the sufficiency of his or her claim will be at issue." Id.; see also Osborne v. Cnty of Riverside, 323 F. App'x 613, 614 (9th Cir. 2009).    Notice need not be explicit, although explicit notice is preferred.    Portsmouth, 770 F.2d at 869.    Rather, reasonable notice "implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." Id.

I am not convinced that granting summary judgment on the blacklisting claim was clear error.    The blacklisting claim was the subject of numerous motions throughout this case and the parties presented oral argument on closely related issues.    It is not necessary to resolve this issue on that basis, however, as Plaintiff had the opportunity to develop facts and present arguments on the blacklisting claim while briefing the motion for reconsideration.    The parties were also afforded the opportunity to present oral argument.

Turning then to the blacklisting claim itself, ORS 659.805

4 - ORDER

prohibits the "blacklisting" of terminated employees. The Oregon Supreme Court held that "'if one is prevented by the wrongful act of a third party from securing some employment he has sought, he suffers a legal wrong, provided he can show that the failure to employ him was the direct and natural consequence of the wrongful act.'" Johnson v. Or. Stevedoring Co., 128 Or. 121, 135 (1928)(quoting Thomas M. Cooley, A Treatise on the Law of Torts 328 (2nd ed. 1907)). In order to prevail on a claim for blacklisting, a plaintiff must submit evidence of a wrongful act and a malicious intent. Mink v. Marion Cnty. Juvenile Dep't, No. 08-6298-AA, 2009 WL 5173513, at *12-13 (D. Or. Dec. 18, 2009).

In this case, as discussed in my previous Order, the dispute between SOU and JPRF was resolved through mediation when the parties entered into a binding settlement agreement ("the Hammer Agreement"). One of the terms of the Hammer Agreement was that "Ron Kramer may serve as a volunteer consultant or independent contractor consultant to [JPRF] or its affiliates but is not eligible to be an officer, director, advisory board member, or employee of [JPRF] or its affiliates." The record indicates that this provision was proposed during mediation by the SOU representatives and that the JPRF representatives did not object to it. Moore Decl. Ex. 1, at 3; Thompson Decl. Ex. 3, at 6-7. Plaintiff's Amended Complaint alleged that the Hammer Agreement "made him unemployable in the southern Oregon media market as an Executive Director for a public radio organization for the

5 - ORDER

remainder of his work life."[1] Am. Compl. at 11.

I granted summary judgment on this claim because, as in <u>Mink</u>, there was no evidence that Defendants acted maliciously in adopting the Hammer Agreement.  Malice is defined under Oregon law as "the intentional doing of [an] injurious act without justification or excuse.  A tort committed with a bad motive or so recklessly as to be in disregard of social obligations, or an act wantonly, maliciously or wickedly done."  <u>Linkhart v. Savely</u>, 190 Or. 484, 505-06 (1951)(citations omitted).  Malice requires that the plaintiff establish "conduct more severe than mere negligence."  <u>Williamson v. Munson Paving, LLC</u>, No. 09-CV-736-AC, 2010 WL 4340473, at *3 (D. Or. Oct. 22, 2010).

In this case, SOU President Mary Cullinan did not personally participate in the Hammer mediation.  Moore Decl. Ex. 2, at 2; Thompson Decl. Ex. 2, at 3.  Cullinan testified at deposition she did not request that the provision concerning Plaintiff's employment be included in the Hammer Agreement, nor did she know who requested it.  Thompson Decl. Ex. 2, at 4.  Cullinan endorsed the Hammer Agreement on behalf of SOU to "[support] what came out of the mediation agreement."  <u>Id.</u>; Moore Decl. Ex. 2, at 3.  She testified that she did not consider what effect the Hammer Agreement would have on Plaintiff's reputation when she endorsed the Agreement.  Thompson Decl. Ex.2, at 5; Moore Decl. Ex. 2, at

---

[1]As noted in my previous Order, JPR and JPRF are the only public radio entities in southern Oregon.

6 - ORDER

Plaintiff has produced no evidence that Defendants acted with a bad motive or so recklessly as to be in disregard of social obligations. Instead, Plaintiff contends that Cullinan's endorsement of the Hammer Agreement without knowing its origins or considering its effect on Plaintiff was an act taken "without justification or excuse" and that it therefore constitutes a malicious act. Plaintiff relies on an overly selective reading of Cullinan's deposition testimony, however. Cullinan testified that she endorsed the Hammer Agreement in order to end the SOU-JPRF crisis:

> [PLAINTIFF's COUNSEL]: You think it was dignified to have it publically disclosed that [Plaintiff] is not eligible to be on the foundation board or be an employee of the foundation for which he had worked as executive director for so many years?
> [CULLINAN]: It's not really a question of [Plaintiff's] dignity at this point. It was a question of resolving the altercations that had gone forward and have a resolution that people could agree to.

Id.

I conclude that this is insufficient evidence to create a triable question of fact on Plaintiff's claim for blacklisting. My previous ruling was not in error. Plaintiff's motion is DENIED.

## II. Motion for Extension of Time

Defendants move the Court to re-open the dispositive motion deadlines in order to permit them to file a motion for summary judgment on Plaintiff's claim for tortious interference with

economic relations. Defendants' previous counsel made the decision not to move for summary judgment on the tortious interference claim when they moved against Plaintiff's other claims. Other than the due process claim presently on appeal, tortious interference is the only claim remaining in the case.

I conclude that neither the pending appeal, nor Defendants' new litigation strategy constitute "good cause" for amending the scheduling order in this case. Defendants' motion is DENIED.

## III. Stay

Courts have the inherent power to stay proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979). When determining whether a stay is warranted, the court must balance the hardships to the parties. See Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

In this case, discovery is closed and dispositive motions have been resolved. Both parties have indicated that they do not

wish to proceed to trial on Plaintiff's tortious interference claim until the pending appeal has been resolved. The parties' position is sensible in terms of efficiency and conservation of judicial resources. Accordingly, I STAY this case pending resolution of Defendants' appeal, Case Number 14-36103. Once the Court has received notice that the appeal has been resolved, I will set new trial and pretrial dates.

### Conclusion

Plaintiff's Motion for Reconsideration (#130) is DENIED. Defendants' Amended Motion for Extension of Time to File Dispositive Motions (#138) is DENIED. This case is STAYED pending resolution of Defendant's interlocutory appeal, Ninth Circuit Case No. 14-36103. Upon receiving notice of the resolution of Defendants' appeal, this Court shall set a scheduling conference in this case.

IT IS SO ORDERED.

DATED this __13__ day of March, 2015.

OWEN M. PANNER
U.S. DISTRICT JUDGE

9 - ORDER